UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

EBETA GUEYNOUNE,

                    Petitioner,                    Case No. 2:26-cv-5

v.                                                 Honorable Jane M. Beckering

KRISTI NOEM et al.,

                    Respondents.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Chippewa County Correctional Facility in Sault Ste. Marie, Chippewa County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.13–14.) In an Order entered on January 12, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested

by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on January 15, 2026 (ECF No. 5), and Petitioner filed his reply on January 16, 2026 (ECF No. 6).

**II.      Factual Background**

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, PageID.3; Decl. of William Cooper, ECF No. 5-1, PageID.29.) Petitioner entered the United States on June 10, 2023, near Lukeville, Arizona. (Decl. of William Cooper, ECF No. 5-1, PageID.29.) On that date, United States Border Patrol officers encountered Petitioner, and issued him a Form I-862, Notice to Appear (NTA), charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner was an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) On June 12, 2023, Petitioner was released on his own recognizance. (*Id.*, PageID.30.)

On November 28, 2023, Petitioner appeared in the New York, New York Immigration Court. (*Id.*) He admitted the allegations in the NTA and conceded he was removable. (*Id.*) Mauritania was designated as the country of removal. (*Id.*) Petitioner applied for asylum and withholding of removal. (*Id.*)

On May 8, 2025, Customs and Border Protection Officers were performing outbound inspection operations and encountered Petitioner at the Detroit-Windsor Canada Port of Entry. *(Id.)*. The officer detained Petitioner. (*Id.*) On June 24, 2025, a Detroit Immigration Court Judge denied Petitioner's request to be released on bond pursuant to Matter of Q. Li. (*Id.*)

On November 12, 2025, an immigration judge ordered Petitioner removed from the United States but withheld removal to Mauritania. (*Id.*) According to Respondents, Petitioner has refused to provide information to assist Respondents in identifying a third country for removal. (*Id.*, PageID.31.)

Respondents report that the order of removal is final. (*Id*., PageID.30; Resp., ECF No. 5, PageID.22.) Petitioner acknowledges that his appeal of the order or removal was late, but contends that the appeal is pending and, thus, the order of removal is not administratively final. (Pet'r's Reply, ECF No. 6.) The Executive Office for Immigration Review Automated Case Information System indicates that that an appeal in Petitioner's case is currently pending. *See* https://acis.eoir.justice.gov/en/ (enter Petitioner's "A-Number" and nationality to access case information) (last visited February 25, 2026).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Statutory Basis for Petitioner's Detention

Respondents contend that Petitioner is detained pursuant to § 241 of the INA, 8 U.S.C. § 1231(a) because he is subject to a final order of removal. Petitioner claims that the removal order is not final and, therefore, Petitioner cannot be detained under § 1231. Instead, Petitioner argues, he can only be detained under 8 U.S.C. § 1226(a) and is eligible for discretionary bond or conditional parole.

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not

begin to run until "[t]he date the order of removal becomes administratively final." *Id*. § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id*. § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien unless a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision.").

Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins."). Under § 1226(a), Petitioner may be released from detention on bond or conditional parole. This Court has determined that a noncitizen detained under § 1226(a) is entitled to a custody redetermination as set forth in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2).

4

Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[1]

## V.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI.    Proper Respondents

Respondents argue that Petitioner has failed to name a proper Respondent in this action because Petitioner did not name the Detroit ICE Field Office Director as a Respondent. The Court concludes that the Detroit ICE Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis in each of the following cases: *cf. Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025);

---

[1] The Court is aware of *Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit. At this time, this non-binding case does not change the Court's analysis.

*Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at \*9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the United States Secretary of Homeland Security and the Acting Director of ICE as Respondents. The Court will dismiss the Attorney General of the United States as a Respondent.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's Opinion and Judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. The Court will dismiss the Attorney General of the United States as a Respondent.

Dated:     February 26, 2026                    /s/ Jane M. Beckering
                                                Jane M. Beckering
                                                United States District Judge

6